**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-6193**

───────────

STEPHEN W. REESE,

        Plaintiff - Appellant,

    v.

SERGEANT WILLIAM NEWMAN, a/k/a Billy, Jail Officer; MR. CAPPS, C/O Jail Officer; MR. JONES, C/O Jail Officer,

        Defendants - Appellees,

    and

MEHERRIN RIVER REGIONAL JAIL,

        Defendant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., Senior District Judge. (3:21-cv-00262-JAG-EWH)

───────────

Submitted: July 21, 2022                         Decided: July 26, 2022

───────────

Before MOTZ, HARRIS, and RUSHING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Stephen W. Reese, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen W. Reese appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 action for failing to apprise the court of his change in address. The district court dismissed Reese's action on January 10, 2022, after learning that, on December 20, 2021, the United States Postal Service had returned as undeliverable a December 10, 2021, order that the district court clerk had mailed to Reese's address of record. The district court explained that Reese had called the district court clerk's office on December 14, 2021, to notify the court that he had been released from custody, and that a clerk's office employee reminded Reese that he was obliged to notify the court in writing of his new address.[1] Because Reese had not done so by January 10, 2022, the district court dismissed Reese's complaint pursuant to Fed. R. Civ. P. 41(b). We affirm.

In both his notice of appeal and informal brief, Reese concedes that he did not notify the district court in writing of a change in address after he was released from custody. But Reese explains that he did not have a new address to provide to the district court. While Reese's justification for his failure to comply with the district court's change-of-address requirement may be reasonable, nothing in the record indicates that he offered that justification to the court before filing his notice of appeal. And because the district court was unaware of Reese's alleged lack of address when it entered the dismissal order, we discern no abuse of discretion. *See Attkisson v. Holder*, 925 F.3d 606, 620, 625 (4th Cir. 2019) (providing standard of review).

---

[1] The magistrate judge had previously warned Reese that failure to inform the district court of an address change would result in dismissal.

We thus affirm the district court's dismissal order.[2]  We also deny Reese's motion to appoint counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Because the district court dismissed Reese's complaint without prejudice, he may refile it.